## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**BILLY FOSTER, ET AL.**                    **CASE NO.  3:21-CV-03985**

**VERSUS**                                  **JUDGE TERRY A. DOUGHTY**

**SEASIDE HEALTHCARE, ET AL.**              **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Before the undersigned is a motion to dismiss for lack of subject matter jurisdiction and/or failure to state a claim, filed by Defendants Adrian Fisher ("Fisher") and Latondra Fisher (together, "Defendants").  [doc. #10].  Plaintiffs Billy Foster ("Foster") and Edna Foster (together, "Plaintiffs") did not file an opposition to the instant motion.  For the reasons assigned below, it is recommended that Defendants' motion be granted in part and denied in part and that Plaintiffs' claims be dismissed with prejudice.

### I.    FACTUAL BACKGROUND

Before this lawsuit ensued, Foster and Fisher co-owned Cognitive Development Center of Monroe, Inc. ("CDCMI"), a mental health rehabilitation facility that receives federal Medicare and Medicaid funding.  [doc. #41-2, p. 3].  Plaintiffs claim that in 2006, Fisher changed the locks to the CDCMI building, physically and proverbially locking Foster out of the company.  *Id.* Plaintiffs also claim that Fisher unilaterally reduced Foster's ownership in CDCMI from fifty percent to twenty-two percent, and then ultimately, stripped him of his ownership entirely.  [doc. #1, p. 5].

On August 11, 2006, Plaintiffs filed suit in the Fourth Judicial District Court for the Parish of Ouachita seeking, *inter alia*, recognition of Foster's ownership in CDCMI.  *Foster v.*

*Fisher*, 53,205 (La. App. 2 Cir. 2/5/20); 290 So.3d 1215.  On February 5, 2020, after

"[e]xtensive litigation," the Louisiana Second Circuit Court of Appeal held that Foster remained

a fifty percent owner of CDCMI, found that Foster was not entitled to profits after 2006 when he

stopped working for CDCMI, and ordered the liquidation of CDCMI.[1]  *Id.*

On November 12, 2021, Plaintiffs filed suit in this Court.[2]  [doc. #1].  Plaintiffs named

Defendants Adrian Fisher, Latondra Fisher, CDCMI Board of Directors, and Seaside Healthcare

as Defendants.[3]  *Id.* 2-3.  Plaintiffs' Complaint appears to attempt to state claims related to tax

evasion, breach of duty with respect to an Employee Retirement Income Security Act ("ERISA")

plan, and breach of fiduciary duty regarding a New Markets Venture Capital company.  *Id.* at 5-

6.

On January 4, 2022, Defendants filed the instant motion to dismiss.  [doc. #10].

On March 21, 2022, Plaintiffs filed a motion for leave to amend, which the undersigned

denied as futile on May 19, 2022.  [doc. #s 41 & 49].

Plaintiffs did not file an opposition to the instant motion.  Accordingly, this matter is ripe.

---

[1] The Court takes judicial notice of the decision by the Louisiana Court of Appeal for the Second Circuit pursuant to Federal Rule of Civil Procedure 201.  *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 Fed. App'x 888, 892 (5th Cir. 2020) (the court may "take judicial notice of the public records in . . . prior state court proceedings").

[2] Plaintiffs filed this suit pro se, but obtained counsel on February 28, 2022.  [doc. #41].

[3] On March 23, 2022, Judge Doughty dismissed Seaside Healthcare as a Defendant pursuant to a joint motion to dismiss.  [doc. #s 40 & 43].

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must affirmatively ascertain subject-matter jurisdiction before adjudicating a suit. *Sawyer v. Wright*, 471 Fed. App'x 260, 261 (5th Cir. 2012). Federal courts may exercise diversity jurisdiction or federal question jurisdiction over a suit. Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction, on the other hand, exists when "[a]ll plaintiffs [are] diverse in citizenship from all defendants," and the amount in controversy exceeds $75,000, exclusive of costs and fees. *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-40 (5th Cir. 1990). For purposes of diversity, an individual is a citizen of the state in which he is domiciled. *Preston v. Tenet Healthsys. Mem'l Med. Ctr.*, 485 F.3d 793, 798 (5th Cir. 2007).

The plaintiff bears the burden of proof that jurisdiction does in fact exist. *Menchacha v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). In examining a Rule 12(b)(1) motion, the district court may consider disputed matters of fact. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle the plaintiff to relief. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The Federal Rules of Civil Procedure also allow dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim, the pleading must contain a "short and plain statement . . . showing that the pleader is entitled to relief . . ." FED. R. CIV. P. 8(a)(2). While the pleading need not assert detailed factual allegations, it must "state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible on its face "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663 (2009). To determine whether the plaintiff has stated a claim, the court is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010).

In deciding a motion to dismiss, the court must accept as true all of the plaintiff's allegations, unless the allegation is a "threadbare recital[] of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Although legal conclusions may be asserted, "they must be supported by factual allegations" to gain the assumption of truth. *Id.* at 664. A well-pleaded complaint may proceed even if it strikes the Court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly*, 550 U.S. at 556. Nevertheless, the Court may dismiss a complaint "if it clearly lacks merit – for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Med. Transp. Mgmt., Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (citations and internal quotation omitted).

### III.    ANALYSIS

Defendants urge the Court to dismiss Plaintiffs' Complaint, arguing that this Court lacks subject matter jurisdiction because none of the statutes cited by Plaintiffs apply to this case. Defendants also argue that Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Alternatively, Defendants request that this Court require Plaintiffs to provide a more definite statement of pleading under Federal Rule of Civil Procedure 12(e), and urge the Court to strike Plaintiffs' request for criminal prosecution of Defendants.

A. *Dismissal for Lack of Subject Matter Jurisdiction.*

Defendants argue that none of the statutes cited by Plaintiffs in their Complaint apply to this case, and, thus, Plaintiffs' claims must be dismissed for lack of subject matter jurisdiction.[4]

Plaintiffs list three federal statutes in their Complaint which they purport to be at issue in this case: 26 U.S.C. § 7201, 15 U.S.C. § 689n,[5] and 29 U.S.C. § 1109. Defendants are correct that Plaintiffs may not sue under § 7201. Section 7201 is a criminal tax evasion statute which does not allow for a private cause of action. *See Boykin v. Randolph Vincent, Jr. et al.*, 19-CV-01401, 2020 WL 1686852, at *5 n.2 (S.D. Tex. Apr. 6, 2020) ("26 U.S.C. § 7201 . . . do[es] not provide [Plaintiffs] with [a] private cause[] of action."). On the other hand, it does appear that the Court would have subject-matter jurisdiction over causes of action brought pursuant to the two remaining federal statutes, 15 U.S.C. § 689n and 29 U.S.C. § 1109. Defendants' only argument under those statutes is that the Complaint does not include supporting facts. However, this argument does not arise under Rule 12(b)(1), but under Rule 12(b)(6). A mere failure to state a claim does not defeat the Court's jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).[6] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot **prove any set of facts** in support of his

---

[4] Plaintiffs allege in their Complaint that both Fisher and Foster are Louisiana citizens, thereby destroying diversity. Accordingly, this Court may only exercise subject matter jurisdiction under § 1331.

[5] Plaintiffs' Complaint actually cites 15 U.S.C. § 698N; however, neither Defendants nor the Court were able to locate this statute. Defendants posited in their opposition that Plaintiffs may have actually intended to cite § 689n, and Plaintiffs have not disputed this.

[6] "The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *See Ramming,* 281 F.3d at 161.

claim that would entitle plaintiff to relief. *Ramming,* 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*,143 F.3d 1006, 1010 (5th Cir. 1998)) (emphasis added).

Accordingly, as the Court could have federal-question jurisdiction under two of the federal statutes cited by Plaintiffs, it is RECOMMENDED that Defendants' motion to dismiss under Rule 12(b)(1) be DENIED.

B. *Dismissal for Failure to State a Claim.*

Defendants also argue that Plaintiffs' claims should be dismissed for failure to state a claim. The undersigned agrees.

Plaintiffs' remaining claims are raised under 29 U.S.C. § 1109 and 15 U.S.C. § 689n. However, Plaintiffs have failed to state a claim under both statutes. Section 1109 relates to breach of one's fiduciary duty with respect to an ERISA plan. Yet, there are no references to an ERISA plan in the Complaint or any alleged facts to implicate that statute. Plaintiffs' final claim is under § 689n, which addresses criminal acts and breaches of fiduciary duty relating to New Markets Venture Capital companies. To state a claim under § 689n, Plaintiffs must sue a New Markets Capital company or a person or entity connected in some way to such a company. *See Williams v. Santander Consumer USA Holdings, Inc.*, 21-CV-3176, 2022 WL 562896, at *7 (N.D. Tex. Feb. 24, 2022). However, Plaintiffs have neither sued a New Markets Capital company nor alleged any facts in the Complaint to show that one or more defendants is connected to such a company. Here, even under Rule 8's short and plain statement standard, Plaintiffs have not supported their legal conclusions with the necessary "factual allegations." *Iqbal*, 556 U.S. at 664. Given these failures, as well as the fact that Plaintiffs cannot assert a

6

cause of action under 26 U.S.C. § 7201 as a matter of law, it is RECOMMENDED that Defendants' motion to dismiss under Rule 12(b)(6) be GRANTED.[7]

### C. Defendants' Remaining Arguments

Alternatively, Defendants urge the Court to require a more definite statement by Plaintiffs and to strike Plaintiffs' request for criminal prosecution. However, given the undersigned's recommendations, it is unnecessary to reach these arguments. Accordingly, to the extent that Defendants seek a more definite statement and ask the Court to strike Plaintiffs' request for criminal prosecution, it is RECOMMENDED that Defendants' motion be denied as moot.

## IV.    CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendants' motion be **GRANTED IN PART, DENIED IN PART, and DENIED IN PART AS MOOT**. To the extent that Defendants seek dismissal of all claims under Rule 12(b)(1), **IT IS RECOMMENDED** that Defendants' motion be **DENIED**.

To the extent that Defendants seek dismissal under Rule 12(b)(6), **IT IS FURTHER RECOMMENDED** that Defendants' motion be **GRANTED** and that Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

---

[7] Defendants raise additional grounds upon which the Court should dismiss Plaintiffs' claims for failure to state a claim. However, given the undersigned's recommendation, these arguments need not be addressed.

To the extent that Defendants request a more definite statement under Rule 12(e), and ask the Court to strike Plaintiffs' request for criminal prosecution, **IT IS FURTHER RECOMMENDED** that Defendants' motion be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 27th day of May, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE